IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LUCILLE BECK, an individual, | Case No. 3:13-cv-00879-AC |
| Plaintiff | JUDGMENT |
| v. | |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a corporation, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

This matter came before the Court and was tried before a seven-person jury ("the Jury") on December 7, 2015, through December 10, 2015. Plaintiff Lucille Beck ("Beck") was represented by her attorney, Margaret E. Schroeder of Black Helterline LLP. Defendant Metropolitan Property and Casualty Insurance Company ("Metropolitan") was represented by its attorneys, Daniel E. Thenell and Kirsten L. Curtis of Thenell Law Group, LLC.

In her Complaint, Beck alleged a single claim for breach of contract against Metropolitan arising out of Metropolitan's alleged breach of an insurance policy. On July 6, 2015, the court granted Beck's motion for partial summary judgment that Metropolitan breached its insurance policy

JUDGMENT - 1

with Beck as a matter of law because Metropolitan's February 29, 2012 payment of $347,786.34 for the actual cash value ("ACV") of Beck's home was insufficient, and ordered Beck's claim to proceed to trial for the purpose of determining the true replacement cost value ("RCV") and ACV of her home. (Dkt. No. 114.)

In defense, Metropolitan contended that Beck is contractually foreclosed from recovering RCV because she did not complete reconstruction of her home within one year of Metropolitan's February 29, 2012 ACV payment. The Court disagreed and held that because Beck has not received the true ACV of her home, the one-year time limit within which Beck must rebuild her home, and thus receive the RCV under the policy, has not yet begun. (Dkt. No. 174.)

## JURY VERDICT

On December 11, 2015, the Jury delivered its verdict (Dkt. No. 191) as follows:

**Question 1:** What is the *replacement cost value* or RCV of Plaintiff Lucille Beck's home?

Replacement Cost Value:  $596,720.42

**Question 2:** What is the *actual cash value* or ACV of Plaintiff Lucille Beck's home? To calculate actual cash value, multiply your answer to Question 1 above by .917. This number cannot be equal to or less than $349,899.54.

Actual Cash Value:  $547,192.63

## JUDGMENT

Based on the verdict of the Jury, Beck is entitled to a money judgment in the principal amount of $198,364.01, which is the Jury's Actual Cash Value figure of $547,192.63 minus: (1) $347,786.34 for Metropolitan's prior ACV payment; and (2) $1,042.28 for emergency fire mitigation costs paid by Metropolitan. Beck is further entitled to prejudgment interest on the principal amount

JUDGMENT - 2

at the Oregon rate of nine percent (9%) per annum pursuant to OR. REV. STAT. § 82.010 from March 9, 2012, until entry of judgment. As of December 15, 2015, the amount of pre-judgment interest accrued to date is $67,302.46. Pre-judgment interest shall continue to accrue at the rate of $48.91 per day from December 15, 2015, until the entry of this judgment. Judgment is therefore entered in Beck's favor in the amount of $265,666.47, plus an additional $48.91 per day from December 15, 2015, until the entry of this judgment.

Beck is further entitled to post-judgment interest at the federal rate pursuant to 28 U.S.C. § 1961.

As soon as Metropolitan pays the ACV amount plus all accrued pre-judgment and post-judgment interest to Beck (the "True ACV Payment"), Beck has one-hundred-eighty (180) days from the date of the True ACV Payment to decide whether to repair or replace her home. If Beck decides to do so and notifies Metropolitan of her decision within 180 days after the date of the True ACV Payment, Metropolitan must pay the RCV to Beck under the policy, minus a setoff for $547,192.63 for the ACV paid by Metropolitan, so long as Beck notifies Metropolitan within 30 days after the repair or replacement has been completed and so long as Beck completes the repairs within one year from the date of the True ACV Payment.

Beck is further entitled to her reasonable attorneys' fees and costs herein pursuant to OR. REV. STAT. § 742.061 in an amount to be determined pursuant to FED. R. CIV. P. 54.

Dated this 15th day of January, 2016.

JOHN V. ACOSTA
United States Magistrate Judge